**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  04 CR 253-10 |
| v. | ) |
| DONALD E. PESAVENTO, | ) HONORABLE DAVID H. COAR |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following a jury trial, Defendant Donald E. Pesavento ("Defendant") was convicted of conspiracy to distribute and to possess with the intent to distribute cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and of using a telephone to commit the felony described above, in violation of 21 U.S.C. § 843(b).  Before this Court is Defendant's motion for a judgment of acquittal.  For the reasons discussed below, Defendant's motion is DENIED.

**II.    BACKGROUND**

On November 30, 2005, Defendant proceeded to trial on a multi-count, second superseding indictment charging eleven defendants with, in brief, conspiracy to distribute cocaine and crack cocaine.  At the close of the Government's evidence, Defendant moved for a judgment of acquittal.  This Court denied the motion.  On December 8, 2005, the jury found Defendant guilty of one conspiracy count (Count One) and two telephone facilitation counts

(Counts Eleven and Twenty-Eight). On a special verdict form, the jury found Defendant guilty of conspiring to distribute and possess with the intent to distribute between 5 and 50 grams of crack cocaine.

III.    STANDARD

Defendant renews his motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. A district court must grant a Rule 29 motion for "any offense for which the evidence [presented at trial] is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In considering the sufficiency of the evidence, the court must review the record in the light most favorable to the government. United States v. Hausmann, 345 F.3d 952, 955 (7th Cir. 2003). "[A]s long as any rational jury could have returned a guilty verdict, the verdict must stand." Id. If on the other hand, "the record is devoid of evidence from which the jury could reach a finding of guilt," the verdict will not stand. United States v. Taylor, 226 F.3d 593, 596 (7th Cir. 2000).

IV.    ANALYSIS

Defendant argues that the evidence was insufficient to sustain his conviction of conspiracy to distribute crack cocaine; therefore, it was also insufficient to sustain his conviction of the use of a telephone to facilitate the alleged conspiracy. Specifically, Defendant argues that the evidence at trial–his arrest record, recorded telephone conversations, and witness testimony, including his own–clearly established that he was a crack cocaine addict and a mere purchaser of crack cocaine, not a conspirator. As additional evidence, the quantity of crack cocaine

Defendant purchased was consistent with an amount purchased for individual use. Defendant further argues that the testimony of Rodney Bew ("Bew"), the leader of the alleged conspiracy, failed to show Defendant's link to the conspiratorial scheme. Bew testified that he would not conspire with an addict; that Defendant was not involved in procuring crack cocaine; that Defendant was not involved in Bew's arrangements with the other conspirators to distribute crack cocaine; and that Bew confined Defendant to a "cash only upon delivery" system when Bew delivered crack cocaine to him. The evidence also showed, according to Defendant, Bew's refusal to advance crack cocaine to Defendant and refusal to trust him with any payment meant for Bew. Lastly, Defendant argues that the jury may have been confused by the wording of the second superseding indictment into thinking that, in order to find any of the defendants guilty of conspiracy (there were two other men on trial with Defendant), they must find all of the defendants guilty.

Reviewing the evidence in the light most favorable to the Government, this Court finds that a judgment of acquittal is not warranted. Defendant is correct that the evidence showed that he was a crack addict and a purchaser of drugs for individual use from Bew. However, the Government also presented evidence that a rational jury, choosing in its discretion to disbelieve the testimony of Defendant and believe the testimony of Bew, could find indicative of Defendant's knowing and intentional agreement to assist Bew in a conspiracy to distribute crack cocaine to others. Bew testified that Defendant bought crack cocaine for other customers, and that Bew would often meet Defendant at the home of other people for whom Defendant was buying crack cocaine. In addition, although Defendant disputed her testimony, Rose Baltazar ("Baltazar") testified that she drove Defendant to Bew's home so that he could purchase drugs

from Bew on her behalf.  Likewise, Defendant testified that he bought drugs from Bew on Barbara Hutchinson's behalf, and that he purchased drugs from Bew for himself and a friend named "Flagman" to use.

The two telephone conversations supporting the telephone facilitation counts are conversations in which Defendant indicates that a third party gave or would give him money to buy crack cocaine from Bew.  Defendant testified in his defense that he made up names of third parties to convince Bew to sell him crack cocaine for personal use.  However, a rational jury could disbelieve this explanation and believe the Government's insistence that the conversations demonstrate Defendant's participation in the conspiracy.

Finally, during deliberations the jury submitted a note asking if the phrase "[defendants] did conspire with each other, and with others known and unknown" in the indictment meant that "the three defendants must have conspired with each other in order for a conspiracy to exist." This Court, without objection by the parties, responded to the note by referring the jury to the jury instructions.  Those instructions included Seventh Circuit pattern instructions that a defendant guilty of conspiracy need not join the conspiracy at the beginning or know all of the other conspiracy members or the conspiracy's means, and that each defendant and each count deserves separate consideration.  See Pattern Federal Criminal Jury Instructions for the Seventh Circuit 4.05, 5.08, 7.04.  This Court must presume the jury followed these instructions, see Richardon v. Marsh, 481 U.S. 200, 211 (1987), which are sufficient to cure any harm to Defendant from any confusion the jury experienced.

Defendant cites United States v. Douglas, 818 F.2d 1317 (7th Cir. 1987), in support of his motion.  In that case, the Seventh Circuit vacated a conviction because the judge failed to

give the jury a buyer-seller instruction, an instruction that must be given at the defendant's request if it has some foundation in the evidence. Had the jury been given such an instruction, the court ruled, they might have concluded that the defendants were not members of the alleged conspiracy, but mere purchasers as the defense argued. See id. at 1319-20. Unlike Douglas, however, the jury in the instant case *was* instructed that a mere purchaser of crack cocaine is not a member of a conspiracy to distribute crack cocaine. The jury nonetheless read the evidence in the record–the telephone conversations and the testimony of Defendant, Bew, and Baltazar–as indication that Defendant was more than a mere purchaser.

      Defendant also cites United States v. Tyler, 758 F.2d 66 (2nd Cir. 1985), in which the jury found without sufficient evidence that a defendant was a conspirator rather than a mere person who helped "a willing buyer locate a willing seller." See id. at 69. In Tyler, the majority of the evidence presented was an undercover agent's testimony that he told defendant–a stranger–that he was looking for some drugs; they walked along together; defendant stopped to make some type of inquiry of an unidentified individual; they continued walking; defendant encountered a dealer and spoke with him, after which the dealer approached the agent to make a sale out of the defendant's sight and hearing. The defendant only approached the agent again later to ask for spare change. At the time of his arrest, he was carrying two dollars and the seventy-five cents in change the agent had given him. The Second Circuit held that the existence of an agreement between the defendant and the dealer was nonexistent; therefore, there was no evidence at all to supplement the jury's disbelief of the defendant's testimony, if such disbelief was the basis of their guilty verdict. See id. at 69-70. In the instant case, however, the record contains evidence that would supplement a rational jury's disbelief of Defendant's testimony and

therefore turn a borderline conviction into a guilty verdict. This evidence included telephone conversations in which third parties and sales of crack cocaine are mentioned, and testimony from not only Bew and Baltazar, but also Defendant, that Defendant bought crack cocaine from Bew for others. The Court agrees with Defendant's suggestion that the record also contains evidence of his innocence. But as Tyler notes, "to be sufficient [under Rule 29], the evidence need not have excluded every possible hypothesis of innocence." Id. at 68.

In sum, when viewed in the light most favorable to the Government, the record is not devoid of evidence from which the jury could reach a finding of guilty.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion for a judgment of acquittal is denied.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **March 27, 2006**